### BURNHAM v. WELLS.

(Supreme Court, Appellate Division, First Department. April 2, 1900.)

LIBEL AND SLANDER—BILL OF PARTICULARS.

Where, in an action for publication of an alleged libel charging plaintiff with misappropriation of the funds of an insurance company of which he is president, defendant justifies by alleging the truth of the alleged libelous publication, the plaintiff is entitled to a bill of particulars, containing as specific a statement of the substantial facts on which defendant rests his justification, as to time, place, and amount, as, in view of the fact that defendant cannot gain access to the books and records of the company, he can make.

Appeal from special term, New York county.

Action for libel by Frederick D. Burnham against James D. Wells. From a judgment denying plaintiff's motion for a bill of particulars, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and PATTERSON, JJ.

Abram I. Elkus, for appellant.
T. B. Chancellor, for respondent.

BARRETT, J. This is an action for libel. The libel consists of two publications in a New York newspaper, charging the plaintiff with misappropriation of the funds of an insurance company of which he is the president, and with various other offenses, both official and personal. The defendant justifies in an elaborate plea, which contains 25 specifications of the incriminating facts, and it is to these specifications that the plaintiff's application for a bill of particulars is addressed.

There can be no doubt of the power of the court to require a bill of particulars of the matter thus pleaded. The question is always as to the propriety of the exercise of this power in the particular case. The plaintiff here should know what he is specifically charged.

with, and what he must come prepared to meet. He is entitled to a specific statement of the facts upon which the justification proceeds. But he is not entitled to a disclosure of the evidence with which the defendant hopes to support the charges and to prove the truth of the facts averred. Each case must stand upon its own special surroundings, and the court should consider the situation of the parties with respect to the libel and the justification. Of course, loose and indefinite averments, interwoven with assertions and conclusions, will not answer. Upon the other hand, the defendant should not, under the circumstances, be embarrassed by too strict requirement in matter of detail. The plaintiff here is defending himself, so to speak, from the inside. He is the president of the company. He has control of its books and papers, and is in official association with its officers and agents. The defendant is a former official of the same company. He is now outside of its environments. He has no access either to its books or papers, and he is neither in touch nor sympathy with its officials. Under these circumstances, he should not be called upon to particularize every petty detail of each specific charge, much less to apprise the plaintiff of his evidence in support thereof. It will suffice if the charges are specific, and formulated with as much certainty in matters of detail—such as time, place, and amount—as the nature of the case and the defendant's situation with respect to it admit of. The substantive facts must be stated, for without these the plaintiff, even from his point of vantage, would be at sea and at the mercy of his adversary. It is no answer to the plaintiff's application for these substantive facts that they are presumably within his knowledge. In denying his guilt he relieves himself from any such presumption. He declares that the facts alleged do not exist at all. At all events, he has a right to know of what specific wrong he is accused, and what substantive acts of his form the basis of the accusation. When, however, these are specified with sufficient exactitude to prevent surprise, he can justly ask no more, and the court should then be careful not to do the defendant an injustice by requiring him to give detailed or evidential particulars.

Treating the application in the light of these rules, there is but little difficulty in reaching a just conclusion. Some of the specifications are undoubtedly insufficient. The greater number, however, are quite sufficient. A single illustration will suffice to indicate what should be particularized. The third specification reads as follows:

"That said plaintiff has since, in or about the year 1896, and prior to the publication of either of the said alleged libels, illegally and fraudulently diverted to his own personal use and benefit, from the funds of said association, large sums of money."

This clearly is indefinite and insufficient. The defendant should be required to state what moneys the plaintiff diverted, and when and how they were so diverted. Upon the other hand, subdivision 4 is an illustration of a sufficient statement. It reads as follows:

"That, prior to the publication of either of said alleged libels, the plaintiff did illegally and fraudulently, and without any authority or right to do so,

pay or cause to be paid to Morton D. Moss, out of the funds of the association, the sum of fifteen hundred pounds sterling (about seven thousand two hundred and sixty dollars)."

The plaintiff here asks for the time of the payment, and whether it was by note, check, or cash; also the grounds of the charge of illegality. As to the time, the books should show. It is true that the plaintiff deposes that none of the transactions or facts as to which he desires particulars appear upon the books, papers, or documents of the company. That, however, is not a frank or adequate statement with regard to this charge. It may be technically true, and yet the books may show a payment to Moss of £1,500 sterling. Doubtless they do not show that that payment was made illegally and fraudulently, and without any right to do so. If they show no payment to Moss at any time of any such amount, the plaintiff should have said so distinctly. As it is, we see no reason for requiring the defendant to give the precise date of this specifically alleged payment. Still less should he be required to point to the rule of law or the statutory mandate which rendered the payment illegal. The plaintiff knows precisely what fact he has to meet on that head. It is the unauthorized payment out of the funds of the association of a sum of money to one Moss. All else is matter of detail or of conclusion. In his situation and with his surroundings the plaintiff cannot be prejudiced by the refusal to require greater amplification on this head.

It will not be necessary in this opinion to go over each of these specifications, and to discuss the proper application thereto of the general principles to which we have adverted. From what we have said with regard to these two specifications, our reasons for the allowance or disallowance of the others will be obvious to the parties. We will therefore content ourselves with indicating the result as to each of these other specifications in the margin of the printed book on appeal. We should add that, in case of the defendant's failure to comply with any of the requirements of the order to be entered upon this decision, the penalty should be limited to the particular specification or particular part of the specification as to which the requirement is given.

The order will accordingly be reversed, with $10 costs and disbursements, and the motion granted in part and denied in part, as thus indicated, without costs. All concur.

---

(49 App. Div. 52.)

In re WEIL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. March 28, 1900.)

TRUSTS—APPLICATION BY CESTUI QUE TRUST FOR SECURITY.

Under Code Civ. Proc. § 2815, giving any person, beneficially interested in the execution of a trust, the right to demand security of the trustee, when his circumstances are such that they do not afford adequate security to beneficiaries, a sole trustee under a will, to whom is devised property valued at nearly $3,000,000, to hold for life, and until the trustee's youngest grandchild becomes of age, for the use and benefit of the children of the testator and their heirs, will not be required to give security for the